**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gaetano N. Sacco, | No. CV-20-01306-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| APS Electric Company, et al., | |
| Defendants. | |

In his complaint in this action, *pro se* Plaintiff Gaetano N Sacco ("Plaintiff") asserts claims against two defendants: the City of Phoenix ("the City") and Arizona Public Service Company ("APS") (together, "Defendants"). (Doc. 1 ¶¶ 6-7.) The first claim, which is asserted only against the City, is a federal claim under 42 U.S.C. § 1983 for deprivation of civil rights. (*Id.* ¶¶ 17-24.) The remaining four claims, which are asserted against both Defendants, are state-law claims. (*Id.* ¶¶ 25-51.) It appears that all five claims arise from the same common nucleus of operative fact—specifically, alleged efforts by Defendants to shut off the power at Plaintiff's property. (*Id.* ¶¶ 1, 8-14.) The complaint alleges that the Court has "[s]upplemental jurisdiction over Plaintiffs' state law claims . . . pursuant to 28 U.S.C. § 1367." (*Id.* ¶ 3.)

Now pending before the Court is APS's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. 10.) APS asserts that the claims against it "must be dismissed" for lack of subject-matter jurisdiction because Plaintiff's sole federal claim is asserted against the City. (*Id.*)

Although APS's motion is not yet fully briefed, the Court will deny it without requiring *pro se* Plaintiff to file a response. APS cites no case law for the proposition that the Court cannot exercise supplemental jurisdiction over state-law claims asserted against one defendant where the only federal claims in the case are asserted against a co-defendant. The only legal authority identified in APS's motion for this proposition is 28 U.S.C. § 1367, but subdivision (a) of the statute specifically recognizes that "supplemental jurisdiction shall include claims that involve the joinder . . . of additional parties." As the Ninth Circuit has recognized, "[s]upplemental jurisdiction is constitutional so long as the pendent state law claim is part of the same 'case or controversy' as the federal claim. Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Trustees of Construction Industry & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (citations and internal quotation marks omitted). Thus, so long as the state-law claims against one defendant "constitute part of the same constitutional case as the federal . . . claims against" a co-defendant, "the district court has the power to exercise supplemental jurisdiction." *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1174 (9th Cir. 2002).

Here, APS doesn't argue that Plaintiff's state-law claims against it somehow arise from a different nucleus of operative fact than Plaintiff's § 1983 claim against the City. Nor does APS argue that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims as a matter of discretion. Instead, APS's sole dismissal argument is that federal courts categorically lack subject-matter jurisdiction over state-law claims asserted against one defendant when the only federal claim in the case is asserted against a co-defendant. That argument is simply not accurate. Thus, although the jurisdictional analysis may change in the future, depending on the resolution of Plaintiff's § 1983 claim against the City,[1] APS is not presently entitled to dismissal based on the

---

[1] If that claim were dismissed, the Court might very well decline to exercise supplemental jurisdiction over the remaining state-law claims at that juncture. *See, e.g.,*

grounds identified in its motion.

Accordingly,

**IT IS ORDERED** that APS's motion to dismiss (Doc. 10) is denied without prejudice.

Dated this 17th day of November, 2020.

Dominic W. Lanza
United States District Judge

---

*Shooter v. Arizona*, 2019 WL 2410808, *7-8 (D. Ariz. 2019).

- 3 -