**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gaetano N. Sacco,<br><br>  Plaintiff,<br><br>v.<br><br>APS Electric Company, et al.,<br><br>  Defendants. | No. CV-20-01306-PHX-DWL<br><br>**ORDER** |

Pending before the Court is the City of Phoenix's ("the City") motion to dismiss. (Doc. 16.) For the following reasons, the motion is granted and this action is terminated.

**BACKGROUND**

On June 30, 2020, Plaintiff Gaetano N. Sacco ("Plaintiff"), who is proceeding *pro se*, initiated this action by filing a complaint. (Doc. 1.) The two defendants named in the complaint are (1) the City and (2) Arizona Public Service Company ("APS").

The complaint alleges as follows. Plaintiff has operated a business at a particular location in Phoenix for 35 years. (*Id.* ¶ 5.) In May 2018, Plaintiff completed certain "restorations" at the property in an attempt to come into "compliance with the City regulations." (*Id.* ¶ 12.) In June 2018, an unspecified individual "came to the property to inspect" Plaintiff's restoration efforts, which Plaintiff viewed as trespassing. (*Id.* ¶ 13.) On July 23, 2018, "the Defendant company shut off the electricity to the Plaintiff's property without notice during 140 degree temperature while the Plaintiff was in the hospital." (*Id.* ¶ 8.) When Plaintiff attempted to find out who was responsible for shutting off his power,

he spoke with an individual who said that "the electric company never disconnected the [p]ower to the building" and that "the City turned the meter off." (*Id.* ¶ 10.) Following this conversation, "not only has the power been turned off, the equipment and infrastructure for electrical power has been taken out." (*Id.* ¶ 11.) Additionally, "the Defendant's [sic] are unwilling to be truthful and forward with the Plaintiff about the restoration of power to [the] property as they continually shift and pass blame from one entity to another." (*Id.* ¶ 14.) Based on these allegations, Plaintiff asserts a claim under 42 U.S.C. § 1983 against the City and state-law claims (breach of contract, fraud, gross negligence, and trespass) against both Defendants.

On November 16, 2020, APS moved to dismiss the state-law claims against it. (Doc. 10.)

On November 17, 2020, the Court denied APS's motion without prejudice. (Doc. 14.) The Court explained that "APS's sole dismissal argument is that federal courts categorically lack subject-matter jurisdiction over state-law claims asserted against one defendant when the only federal claim in the case is asserted against a co-defendant," which "is simply not accurate." (*Id.* at 2.) The Court concluded that "although the jurisdictional analysis may change in the future, depending on the resolution of Plaintiff's § 1983 claim against the City, APS is not presently entitled to dismissal based on the grounds identified in its motion." (*Id.* a 2-3.)

On November 19, 2020, the City filed a motion to dismiss. (Doc. 16.)

On December 7, 2020, after Plaintiff failed to respond to the City's motion, the Court *sua sponte* extended the response deadline and afforded Plaintiff another opportunity to respond. (Doc. 18.)

On December 14, 2020, Plaintiff filed a response. (Doc. 19.)

On December 22, 2020, the City filed a reply. (Doc. 20.)

…

…

…

- 2 -

**DISCUSSION**

I. <u>Legal Standard</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144-45 (9th Cir. 2013).

Legal conclusions couched as factual allegations are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678-79 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* Taking as true all of the well-pleaded factual allegations, there must be "more than a sheer possibility" that a defendant is liable for the claim to be "plausible." *Id.* at 678. The court also may dismiss due to "a lack of a cognizable legal theory." *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015).

The *Iqbal* pleading standard applies to *pro se* complaints, but they "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Although entitled to "great leeway," a *pro se* litigant's pleadings "nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

…

- 3 -

II.     The Parties' Arguments

The City identifies an array of reasons why it is entitled to dismissal of Plaintiff's claims. (Doc. 16.) Specifically, the City argues that (1) Plaintiff's state-law claims are barred because Plaintiff filed to serve a notice of claim, as required by Arizona law; (2) Plaintiff's state-law claims are also barred by the statute of limitations, because the challenged conduct occurred in 2018, Arizona applies a one-year limitations period to claims against public entities, and Plaintiff didn't file suit until 2020; (3) Plaintiff's request for punitive damages on his state-law claims is barred by Arizona's statutory prohibition against the imposition of punitive damages against public entities; (4) Plaintiff's § 1983 claim fails under *Monell v. Department of Social Services*, 436 U.S. 658 (1978); (5) Plaintiff's § 1983 claim also fails because Plaintiff has not alleged a constitutional violation; and (6) Plaintiff's state-law claims fail on the merits for various reasons. (*Id.* at 1-14.) The City also states that it attempted to meet-and-confer with Plaintiff before filing its motion, as required by the local rules, but Plaintiff refused to discuss the matter and instead directed the City to call a purported attorney whose phone number does not accept incoming calls, who is not listed in the state bar directory, and who has never appeared as Plaintiff's counsel in this action. (*Id.* at 14-15.)

In his response, Plaintiff does not address most of these arguments. (Doc. 19.) Instead, Plaintiff (who states that he is "an elderly individual who is also disabled") accuses Defendants of continuing to harass and disturb him by conducting "unwarranted intrusions and false inspections" and argues that such conduct justifies his request for injunctive relief. (*Id.* at 1-3.)

In reply, the City argues that Plaintiff's failure to respond to its dismissal arguments should be viewed as a waiver. (Doc. 20.) The City also argues that Plaintiff should not be given leave to amend because he was "wholly unwilling to confer with [the City's] counsel regarding the deficiencies in his Complaint, and instead sent counsel on a wild goose hunt trying to track down his purported lawyer who, as best as she could ascertain, does not exist." (*Id.* at 1 n.1.)

III.     Analysis

The Court will begin with Plaintiff's § 1983 claim, because that is the only federal claim in this action.  The complaint alleges that because Plaintiff successfully completed the necessary repairs to his property in May 2018, "there was no reason for additional inspecting and repairing in June 2018 when the City sent a second inspector to the property for inspection."  (Doc. 1 ¶ 20.)  The complaint further alleges that the City's "continuing annoyance and badgering of the Plaintiff to subject [him] to inspections and repairs by various self interested inspectors" had the effect of "depriv[ing] the Plaintiff of [his] life – liberty – and / or property."  (*Id.* ¶ 19.)  Finally, the complaint alleges that when Plaintiff told "the second inspector . . . not to trespass on the property without [a] Court Order . . . the second inspector then retaliated against the Plaintiff – not only by representing that [Plaintiff was] not in compliance – but also taking steps and actions to complicate/prevent the Plaintiff from being able to restore [his] power afterwards."  (*Id.* ¶ 22.)

One of the City's dismissal arguments is that Plaintiff's § 1983 is barred by *Monell*.  (Doc. 16 at 4-6.)  Plaintiff does not dispute this assertion in his response and the Court agrees with it.  Under *Monell*, "[s]ection 1983 suits against local governments alleging constitutional rights violations by government officials cannot rely solely on *respondeat superior* liability."  *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).  "Instead, plaintiffs must establish that the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation they suffered."  *Id.* (internal quotation marks and brackets omitted).  To meet this threshold, a plaintiff must allege sufficient facts regarding the specific nature of the alleged custom, policy, or practice.  *Id.* at 637.

Here, such allegations are lacking.  The complaint appears to allege that the actor responsible for Plaintiff's mistreatment was an individual City inspector who was driven by "self interest[]."  This is the antithesis of a valid claim for municipal liability under *Monell*.  There is no allegation, conclusory or otherwise, that the inspections and retaliation efforts were part of a deliberate policy, custom, or practice enacted by the City.

The City also seeks dismissal of the § 1983 claim under Rule 12(b)(6) because the challenged conduct does not amount to a violation of the Fourth, Fifth, or Fourteenth Amendments. (Doc. 16 at 6-10.) The Court tends to agree with this argument, too—it is hard to understand how freedom from the "annoyance" caused by inspection and repairs (Doc. 1 ¶ 19) could be deemed an interest protected by the Fifth and Fourteenth Amendments. The constitutional foundation for Plaintiff's § 1983 claim is so deficient that it may not only present a Rule 12(b)(6) issue but interfere with the existence of subject matter jurisdiction. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."). In any event, it is clear that Plaintiff's § 1983 must be dismissed.

The next question is whether Plaintiff should be granted leave to amend. Ordinarily, such leave is granted freely, particularly in cases involving *pro se* litigants. *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) ("Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted). Nevertheless, leave to amend is not granted automatically. In the Court's view, this represents the relatively rare circumstance in which it would not be appropriate to grant leave to amend. Not only did Plaintiff appear to play games during the meet-and-confer process, by instructing the City's counsel to attempt to contact a purported lawyer whose phone number doesn't work and who has never appeared in this action, but Plaintiff's theory of liability as to his § 1983 claim—that he was victimized by the misconduct of a self-interested City employee—is fundamentally inconsistent with *Monell* liability. The Court has no doubt that Plaintiff's frustration over the loss of power at his longstanding business location is genuine, and the Court recognizes that Plaintiff's self-identification as elderly and disabled counsels in favor of resolving all reasonable doubts in favor of granting leave to amend, but the Court is convinced that it would be futile to grant leave to

1 amend as to the § 1983 claim here—doing so would only postpone the inevitable, while
2 causing Defendants to incur additional fees and expenses.

3       Finally, the Court declines to reach the merits of the City's dismissal arguments
4 directed toward Plaintiff's state-law claims. Because the sole federal claim in this action
5 has been dismissed without leave to amend, the Court now declines to exercise
6 supplemental jurisdiction over the remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3).
7 (As noted, APS's previous request for dismissal on this ground was premature.) Those
8 claims are dismissed for lack of jurisdiction.

9       Accordingly, **IT IS ORDERED** that:

10       (1)    The City's motion to dismiss (Doc. 16) is **granted**. Plaintiff's § 1983 claim
11 against the City is dismissed without leave to amend and Plaintiff's state-law claims against
12 the City and APS are dismissed for lack of jurisdiction.

13       (2)    The Clerk of Court is directed to enter judgment accordingly and terminate
14 this action.

15       Dated this 5th day of February, 2021.

Dominic W. Lanza
United States District Judge